EDITH BROWN CLEMENT, Circuit Judge,
dissenting:
I would remand this case. Two things are clear: (1) the ALJ applied an incorrect legal standard requiring advance written notice of non-coverage and (2) the ALJ’s decision makes no explicit factual findings regarding whether advance oral notices were given. In light of these two points, by affirming the ALJ’s decision the majority necessarily relies on its own factual determination that no sufficient oral notice was given to the beneficiary.
By treating written notice as necessary, the ALJ improperly foreclosed Morton’s argument that it was “clear and obvious” the beneficiary had knowledge of non-coverage based on repeated oral notice. I therefore do not agree with the majority’s conclusion that “[t]he ALJ ... discounted Morton’s evidence of oral notice.” The ALJ’s decision dismissed the evidence of oral notice as legally irrelevant rather than considering it and “discounting” it as incredible. Notably, the ALJ did not even mention the alleged oral notices in the section of his decision entitled “Evaluation of the Evidence.” Indeed, because he had expressly stated his erroneous view that oral notice was legally insufficient, the ALJ had no reason to make findings regarding whether advance oral notices were given. Though it couches its decision in the language of deference, the majority strains to uphold a result that it concludes, on its own implicit factual determination, is correct. Deference to the ALJ means upholding a finding of fact where it is reasonable, not supplying a finding of fact where doing so enables an affirmance.
I respectfully dissent.